IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HANS HAZEN,

        Plaintiff,

v.                                                                        Case No. 21-4046-JWB

GREAT PLAINS ANNUAL CONFERENCE
OF THE UNITED METHODIST CHURCH;
UNITED METHODIST CHURCH, INC. OF
NEODESHA, KANSAS; and
WILLIAM SEXTON,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on motions to dismiss filed by each Defendant. (Docs. 12, 14, 18.) The motions are fully briefed and are ripe for decision. (Docs. 13, 15, 19, 23, 24, 27, 28, 30.) For the reasons stated herein, the motions to dismiss are GRANTED. Specifically, the motion to dismiss by Great Plains Annual Conference of the United Methodist Church ("GP Conference") is granted as to Plaintiff's claim under Title VII of the Civil Rights Act of 1964; that claim is dismissed for failure to state a claim upon which relief can be granted. All of the remaining claims are state law claims over which the court declines to exercise supplemental jurisdiction. Accordingly, all of the remaining claims, against all Defendants, are dismissed without prejudice.

**I. Facts**

The following allegations are taken from Plaintiff's petition (Doc. 1-1) and are assumed to be true for purposes of deciding the motions to dismiss. Defendants GP Conference and United Methodist Church Inc. of Neodesha, Kansas (hereinafter "UM Church") are not-for-profit

corporations organized in Kansas. (*Id.* at 1.)  On July 1, 2018, GP Conference retained Plaintiff to serve as a part-time pastor at UM Church.

Defendant Sexton was the Youth Director and a Pastor-Parish Relations Committeeman at UM Church.  Plaintiff alleges that on several occasions between April and November of 2019, Sexton made sexually inappropriate comments to him and groped him in a sexual manner without his consent.  Plaintiff further alleges that Sexton, who was his supervisor, threatened Plaintiff to keep him from reporting the conduct.

Plaintiff alleges that he reported the harassment to officials of both GP Conference and UM Church, on multiple occasions, but they allegedly did not investigate and did not take any action to remedy the matter. Moreover, they assigned Sexton to work as Plaintiff's secretary, which allegedly led to more incidents.  On October 8, 2020, Plaintiff submitted a formal complaint to District Superintendent Tom Brady and GP Conference Bishop Ruben Saenz, Jr., detailing Sexton's alleged harassment.  On October 10, 2020, Saenz called Plaintiff by phone and terminated his employment with GP Conference and recalled his appointment as pastor of UM Church, effective immediately.  Saenz also evicted Plaintiff from the church parsonage where Plaintiff resided with his wife and two young children.

The petition includes the following claims against GP Conference: Count I – discrimination on account of sex in violation of Title VII of the Civil Rights Act of 1964, including by allowing a hostile work environment and terminating Plaintiff's employment in retaliation for reporting sexual harassment; Count II – negligence in failing to investigate or take action on Plaintiff's allegations of harassment and negligence in hiring or retaining Sexton; Count III – breach of contract by terminating Plaintiff's employment prior to expiration of a one-year term, by terminating Plaintiff for reporting sexual misconduct, and by failing to follow internal policies;

and Count IV – retaliatory discharge in violation of Kansas law. (*Id.* at 5-12.) The petition asserts one claim against Defendant UM Church for negligence in failing to investigate or take action despite knowledge of the harassment and in the hiring or retention of Sexton. (*Id.* at 12-14.) The petition asserts three claims against Defendant Sexton: Count I – battery; Count II – assault; and Count III – intentional infliction of emotional distress. (*Id.* at 14-18.)

## II. Standard

The purpose of a motion to dismiss under 12(b)(6) is to test the legal sufficiency of the complaint assuming the well-pleaded factual allegations in the complaint are true. *N. Nat. Gas Co. v. L.D. Drilling, Inc.*, No. 08-1405-WEB, 2009 WL 3739735, at *7 (D. Kan. Nov. 6, 2009) (citing *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994)). In order to withstand a Rule 12(b)(6) motion, the complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III. Analysis

A. <u>GP Conference Motion to Dismiss Title VII claim</u>. (Doc. 13.) GP Conference moves to dismiss Plaintiff's Title VII claim for several reasons, including because it is allegedly barred by the "ministerial exception" to Title VII. (Doc. 13 at 7-8.) *See Hosanna-Tabor Evangelical Lutheran Church and School v. E.E.O.C.*, 565 U.S. 171 (2012) (recognizing a "ministerial exception" grounded in the Religion Clauses of the First Amendment that bars Title VII claims

3

concerning a church's determination of who can act as its ministers).  In response, Plaintiff concedes that his "Title VII claims are barred by the ministerial exception" and agrees the court should dismiss that claim.  (Doc. 23 at 3.)  The court will accordingly grant GP Conference's motion to dismiss Plaintiff's Title VII claim for failure to state a claim upon which relief can be granted.[1]

  B. <u>Remaining state law claims</u>.  Plaintiff argues the court should decline to exercise supplemental jurisdiction over the remaining state law claims.  (Doc. 23 at 4.)  The court agrees.  Although GP Conference argues the court should retain supplemental jurisdiction, a consideration of the relevant factors leads the court to conclude otherwise.

  This case was initially filed in state court and was removed based upon the claim in Count I of the petition alleging a violation of Title VII.  That lone federal claim established this court's subject matter jurisdiction under 18 U.S.C. § 1331.  (Doc. 1 at 1-2.)  That claim has now been dismissed.  Although 28 U.S.C. § 1367 authorizes the court to exercise supplemental jurisdiction in such cases, it also provides that the court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted.)  The court sees no reason to deviate from that general principle in this instance.  This case is in the early stages of discovery, no trial date has been set, and no substantial prejudice will be caused by litigating the remaining state law claims in state court.

 **IV.  Conclusion**

---

[1] GP Conference further argues that "any Title VII claims embedded within Plaintiff's … Counts II-IV" should be dismissed, (Doc. 28 at 3), but those counts seek relief only under state law and not under Title VII.

5

Defendants' motions to dismiss (Docs. 12, 14, and 18) are GRANTED. Plaintiff's claim under Title VII against Great Plains Annual Conference of the United Methodist Church is DISMISSED for failure to state a claim upon which relief can be granted. All remaining claims against all Defendants, which arise under state law, are DISMISSED WITHOUT PREJUDICE, as the court declines to exercise supplemental jurisdiction over them.

IT IS SO ORDERED this 10th day of December, 2021.

                                                           _____s/ John W. Broomes_____
                                                           JOHN W. BROOMES
                                                           UNITED STATES DISTRICT JUDGE